# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10CV418-RJC-DSC

| | |
|---|---|
| CHARLES R. HALL, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) **MEMORANDUM AND ORDER** |
| INTERNATIONAL UNION, UNITED | ) |
| AUTOMOBILE, AEROSPACE AND | ) |
| AGRICULTURAL IMPLEMENT | ) |
| WORKERS OF AMERICA, UAW, | ) |
| UAW LOCAL UNION 5285, and | ) |
| DAIMLER TRUCKS NORTH | ) |
| AMERICA LLC, A DELEWARE | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on "Defendants' Joint Motion to Stay and for Extension of Time to Answer and Supporting Memorandum" (document #12) filed October 13, 2010 and "Defendants' Joint Motion for Extension of Time to Respond to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel" (document #15) filed October 25, 2010, and the parties' associated briefs and exhibits (documents ##16, 17, 18, 19 and 20).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will **GRANT** Defendants' Joint Motion to Stay and **STAY** this matter until **JANUARY 6, 2011**, as discussed below.

This matter arises out of the implementation and enforcement of an arbitration award issued on January 21, 2010 ("Arbitration Award") pursuant to grievance procedures established in the

2006-10 collective bargaining agreement (the "2006-10 CBA") between the Defendants. Daimler Trucks North America LLC, formerly known as Freightliner LLC (the "Company") operates a manufacturing facility in Mt. Holly, North Carolina. The co-defendants are International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW and UAW Local Union 5285 (collectively, the "Union"), the exclusive bargaining representatives for unionized employees at the Company's Mt. Holly facility.

During the arbitration, the Union claimed that the Company's shift of certain production from the Mt. Holly facility to its Santiago, Mexico facility violated the terms of the 2006-10 CBA. The Arbitration Award provides that the Company is to "make whole" certain bargaining unit employees affected by the contract violations. Plaintiffs allege that the Arbitration Award was for their benefit and rendered in their favor and have proposed a class action on behalf of themselves and all other employees allegedly impacted by the Arbitration Award.

Defendants assert that there are two steps necessary to implement the Arbitration Award. The first step is determining the methodology for creating a truck production model that will enable the Company and the Union to identify the affected groups of employees. The second step is determining a process by which the affected employees' claims for back pay and benefits will be addressed. Defendants assert that they anticipate being able to present an agreement for both steps to the Arbitrator within ninety (90) days. Additionally, Defendants assert that the issuance of a final award by the Arbitrator will likely moot or substantially narrow the issued raised in the instant action.

Plaintiffs argue that Defendants have failed to pay compensation to any employee despite the fact that the Arbitration Award was issued over nine months ago and that granting the Motion to Stay will simply perpetuate Defendants inaction and cause further detriment to the employees

who benefit from the Arbitration Award.

Based on the "Joint Declaration of David Carson and Willard Beck" (document #19) filed November 12, 2010, the Company and the Union have completed the first step necessary to resolve the issue of damages in accordance with the Arbitration Award. In addition, the Company has prepared a draft document outlining a process for determining how the affected employees' claims for back pay and benefits will be submitted, reviewed and paid and has provided it to the Union for review and final negotiation.

Based on this progress, principles of judicial economy and Defendants' statements to the Court that their goal is to obtain the Arbitrator's approval of both steps of the implementation process before January 6, 2011, "Defendants' Joint Motion to Stay and for Extension of Time to Answer and Supporting Memorandum" (document #12) filed October 13, 2010 is **GRANTED,** that is, the Court stays this action until **JANUARY 6, 2011** and Defendants are allowed a ten (10) day extension after the stay concludes, through and including **JANUARY 17, 2010**, within which to serve their Answer or other responsive pleading. Based on this decision, Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (document #15) filed October 25, 2010 is **DENIED AS MOOT**.

The Clerk is directed to send copies of this Order to counsel of record; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**  Signed: November 23, 2010

David S. Cayer
United States Magistrate Judge