# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10CV418-RJC-DSC

| | |
|---|---|
| CHARLES R. HALL, JR., et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>INTERNATIONAL UNION, UNITED )<br>AUTOMOBILE, AEROSPACE AND )<br>AGRICULTURAL IMPLEMENT )<br>WORKERS OF AMERICA, UAW; and )<br>UAW LOCAL UNION 5285, )<br>)<br>Defendants. )<br>_____) | **MEMORANDUM<br>AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint," Doc. 49, and "Memorandum in Support of Motion to Dismiss of Defendants International Union, UAW, and UAW Local Union 5285," Doc. 50, both filed June 27, 2011 and "Plaintiffs' Response to Defendant International Union, UAW, and UAW Local Union 5285," Doc. 51, filed July 14, 2011. On July 25, 2011, Defendants filed their "Defendants' Reply Memorandum in Support of Motion to Dismiss," Doc. 52.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be denied, as detailed below.

1

# I. FACTUAL AND PROCEDURAL HISTORY

A detailed discussion of the factual background and procedural history in this matter is contained in the undersigned's "Memorandum and Recommendation and Order," Doc.36 (recommending Defendants' Motions to Dismiss, Doc. 22 and 24, be <u>granted</u>). After issuance of the "Memorandum and Recommendation and Order," Doc. 36, Plaintiffs filed a Motion to Amend Complaint, Doc. 37, on April 25, 2011. On May 31, 2011, the undersigned granted Plaintiff's Motion to Amend Complaint, Doc. 44, and Plaintiff filed a Second Amended Complaint, Doc. 45, on June 6, 2011. On June 21, 2011, Chief Judge Robert J. Conrad, Jr. denied Defendants' Motions to Dismiss, Doc. 22 and 24, as moot due to the filing of Plaintiff's Second Amended Complaint.

Defendants filed this Motion to Dismiss Second Amended Complaint arguing that the Second Amended Complaint should be dismissed under Rule 12(b)(6) because the allegations are insufficient to state a cause of action against the UAW for a violation of the duty of fair representation. Plaintiffs argue that the Second Amended Complaint clearly sets forth allegations which support their duty of fair representation claim against Defendant UAW.

# II. DISCUSSION

In ruling on Plaintiff's Motion to Amend Complaint, Doc. 37, the undersigned addressed the issue of whether the Second Amended Complaint contains sufficient allegations to state a cause of action against the UAW for a violation of its duty of fair representation. In the "Memorandum and Order," Doc.44, the Court held that,

> Plaintiffs' proposed Second Amended Complaint addresses developments occurring subsequent to the filing of Plaintiffs' First Amended Complaint, specifically the details of the Supplemental Arbitration Award and the resulting compensation package. The essence of Plaintiffs' proposed Second Amended Complaint is that Defendant UAW settled the determination of the employee losses dispute with Defendant Daimler Trucks by agreeing to terms which would have never been reached had they fairly represented their membership and engaged in

arms length negotiation. The proposed Second Amended Complaint asserts that Defendant UAW breached its duty of fair representation by using the Arbitration Award negotiations as a bargaining chip in negotiations for the new 2010-2014 CBA.

To show that a union breached its duty of fair representation, an employee must demonstrate that the union recklessly disregarded the employees' rights, was grossly deficient in its representation, or otherwise acted arbitrarily, discriminatorily or in bad faith in handling the employees' grievances. Thompson v. Aluminum Co. of Am., 276 F.3d 651, 657 & n.5 (4th Cir.2002). The Court finds that Plaintiffs' allegations that the Union advanced its own interests and agenda to the detriment of the affected employees by using the Arbitration Award negotiations as a bargaining chip in negotiations for the new 2010-2014 CBA are sufficient at this stage of the proceedings to support a claim that Defendant UAW breached its duty of fair representation.

Doc. 44 at 2-3.

Furthermore, Plaintiffs have included allegations in the Second Amended Complaint that Defendant UAW failed to grieve excessive overtime assigned to its working members and that this failure prevented workers from returning to work from layoff; that it made egregious missstatements concerning the timing and size of the ultimate recovery; that it agreed to a very limited definition of "make whole" compensation; that the agreement will result in compensation not being paid for lapses in health insurance coverage; that the agreement forces employees to reduce their compensation by other monies earned; and that it will pay fewer than half of the union members who were laid off by the Company in large part because the "man hour per truck ratios" used to calculate compensation were artificially reduced and did not reflect pre-layoff experience. All of these allegations are sufficient at this stage of the proceedings to support Plaintiff's claim that Defendant UAW breached its duty of fair representation.

For these reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss be denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint," Doc. 49, be **DENIED.**

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel of record; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: July 29, 2011

David S. Cayer
United States Magistrate Judge