UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-418-RJC-DSC

| | |
|---|---|
| CHARLES R. HALL, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>INTERNATIONAL UNION, UNITED )<br>AUTOMOBILE, AEROSPACE AND )<br>AGRICULTURAL IMPLEMENT )<br>WORKERS OF AMERICA, UAW; )<br>and UAW LOCAL UNION 5285, )<br>)<br>Defendants. )<br>)<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Daimler Trucks North America LLC's ("Daimler") Motion for Entry of Dismissal, (Doc. No. 46), Defendants International Union, UAW, and UAW Local Union 5285's (collectively, "the Union") Motion to Dismiss, (Doc. No. 49), the Magistrate Judge's July 29, 2011 Memorandum and Recommendation ("July 29 M&R"), recommending that the Court deny the Union's Motion to Dismiss, (Doc. No. 53), and the Union's Objections to the M&R, (Doc. No. 54).

**I.     BACKGROUND**

The Union does not object to the facts set forth in the April 6, 2011 Memorandum and Recommendation ("April 6 M&R"), (Doc. No. 36), and adopted in the July 29 M&R, (Doc. No. 53). See (Doc. Nos. 50 at 1; 55 at 1). Therefore, the Court adopts those facts here. In short, this matter arises out of the implementation and enforcement of an arbitration award issued on January 21, 2010 pursuant to grievance procedures established in the 2006-10 collective bargaining agreement between Daimler and the Union (collectively, "Defendants"). Due to

Daimler's shift of certain truck production from its Mt. Holly facility to its Santiago, Mexico facility, Defendant UAW instituted a class action grievance on behalf of all the adversely affected employees. On January 21, 2010, the Arbitrator ruled in favor of Defendant UAW and ordered that Daimler "make whole" certain bargaining unit employees affected by the contract violations. The Arbitrator expressly directed the question of "employee losses" to Daimler and the Union for further "consideration and determination" and retained jurisdiction "to determine any disputes over the interpretation or application of this award, including the extent of employee losses." Plaintiffs filed a First Amended Complaint on September 24, 2010, claiming that Defendants failed to implement the initial arbitration award. (Doc. No. 11).

On April 25, 2011, Plaintiffs moved to file a Second Amended Complaint. (Doc. No. 37). The Magistrate Judge granted this motion on May 31, 2011. (Doc. No. 44). Plaintiffs filed their Second Amended Complaint on June 6, 2011. (Doc. No. 45). In allowing the amendment, the Magistrate Judge stated:

> The essence of Plaintiffs' proposed Second Amended Complaint is that [the Union] settled the employee losses dispute with [Daimler] by agreeing to terms which would have never been reached had they fairly represented their membership and engaged in arms length negotiations. The proposed Second Amended Complaint asserts that [the Union] breached its duty of fair representation by using the Arbitration Award negotiations as a bargaining chip in negotiations for the new 2010-2014 CBA.
>
> To show that a union breached its duty of fair representation, an employee must demonstrate that the union recklessly disregarded the employees' rights, was grossly deficient in its representation, or otherwise acted arbitrarily, discriminatory or in bad faith in handling the employees' grievances. Thompson v. Aluminum Co. of Am., 276 F.3d 651, 657 & n.5 (4th Cir. 2002). The Court finds that Plaintiffs' allegations that the Union advanced its own interests and agenda to the detriment of the affected employees by using the Arbitration Award negotiations as a bargaining chip in negotiations for the new 2010-2014 CBA are sufficient at this stage of the proceedings to support a claim that [the Union] breached its duty of fair representation.

2

(Doc. No. 44 at 2-3).

In recommending that this Court deny the Union's motion to dismiss, the Magistrate Judge pointed further to Plaintiffs' allegations that the Union: (1) failed to grieve excessive overtime; (2) misinformed employees; (3) agreed to a very limited definition of "make whole" compensation; (4) agreed to inadequate health insurance payments; (5) agreed to an improper setoff against other wages earned; and (6) agreed to an inadequate compensation formula for calculating the work required to produce a truck. (Doc. No. 53 at 3).

The Union objects to the Magistrate Judge's failure to: (1) apply a deferential standard of review to the actions of the Union, and (2) "properly scrutinize the 'facts' that are set forth in the Second Amended Complaint." (Doc. No. 54).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

3

recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. ANALYSIS

### A. The Union's Motion to Dismiss

After a de novo review of the Union's motion, the Court agrees with the Magistrate Judge, **ADOPTS** the July 29 M&R, (Doc. No. 53), and **DENIES** the Union's motion to dismiss, (Doc. No. 49).

In addition to the grounds cited by the Magistrate Judge, the Court finds that Plaintiffs' fourteen specific factual allegations are sufficient to state a claim for their single count of a breach of the duty of fair representation by the Union. See (Doc. No. 45 at 26-29). The deference that the Union stresses courts must give union actions is built into the cause of action already. Plaintiffs must plead, and eventually prove, that the Union's actions were not just

4

negligent, but instead grossly deficient or in reckless disregard for the rights of the employees it represents.  Thompson v. Aluminum Co. of Am., 276 F.3d 651, 656 & n.5 (4th Cir. 2002).  Plaintiffs are not required to meet any heightened pleading standard and the Court must still "accept as true all well-pleaded allegations."  Mylan Labs, Inc. v. Matakari, 7 F.3d at 1134.

The Union's Motion to Dismiss, (Doc. No. 49), is **DENIED**.

B.  Daimler's Motion to Dismiss

Plaintiff's Second Amended Complaint omitted any allegations against Daimler.  (Doc. No. 45).  Daimler moved to dismiss Plaintiff's action "with prejudice as to Daimler" on this ground.  (Doc. No. 46).  Plaintiff then filed a Notice of Dismissal Without Prejudice as to Daimler.  (Doc. No. 48).  Daimler has not filed an answer or a motion for summary judgment.  Therefore, Federal Rule of Civil Procedure 41(a)(1) entitles Plaintiff to dismiss his case against Daimler without prejudice.  Daimler's motion to dismiss Plaintiff's case with prejudice, (Doc. No. 46), is **DENIED**.  Plaintiff's claims against Daimler are **DISMISSED without prejudice.**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's July 29 M&R, (Doc. No. 53), is **ADOPTED**;

2. The Union's Motion to Dismiss, (Doc. No. 49), is **DENIED**;

3. Daimler's motion to dismiss Plaintiff's case with prejudice, (Doc. No. 46), is **DENIED**; and

4. Plaintiff's claims against Daimler are **DISMISSED without prejudice**.

Signed: December 5, 2011

*Robert J. Conrad, Jr.*

Robert J. Conrad, Jr.
Chief United States District Judge